10 December 2015

WR-32,505-04
TRIAL COURT NO. 23,477-A
23,477-A

Court of Criminal Appeals of Texas
Hon. Abel Acosta, Clerk
P.O. Box 12308
Capitol Station
Austin, Texas 78711-2308

Re: WR-32,505-04; Ex Parte Stephen E. Davis v. State of Texas
Filing of: "Motion For Leave To File Original Application
For Mandamus, In Forma Pauperis" And
"Original Application For Mandamus"

Dear Honorable Clerk:

Greetings, Sir. As I am Realtor in this above-mentioned, enclosed instruments, I respectfully request that you file them with the Honorable Court in my behalf, Sir.

Also, Mr. Acosta, would you please return to me an date-stamped "Notice of Filing" the above-said documents?

Thank you for your assistance in this matter.

Respectfully Submitted,

Stephen E. Davis

Stephen E. Davis #1976027
Stringfellow Unit, TDCJ-ID
1200 FM 655
Rosharon, Texas 77853

C.C.: Polk Co. Dist. Clerk
411th Dist. Court

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 14 2015

Abel Acosta, Clerk

CAUSE NO. WR-32,505-04
TRIAL COURT NO. 23,477-A

IN RE: STEPHEN DAVIS                    S          IN THE COURT OF
ID# 1976027, REALTOR

VS.                                     S          CRIMINAL APPEALS

KAYCEE L. JONES,                        S          AUSTIN, TEXAS
POLK COUNTY JUDGE, 411TH J.D.C.
RESPONDENT                              S

                                        S

                                        S

REALTOR'S MOTION FOR LEAVE TO FILE ORIGINAL APPLICATION
FOR WRIT OF MANDAMUS IN FORMA PAUPERIS

TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW, STEPHEN DAVIS, REALTOR, PRO SE, IN FORMA PAUPERIS,
PURSUANT TO ARTICLE 72.1 OF THE TEXAS CODE OF CRIMINAL PRO-
CEDURE AND ARTICLE 4.04 §1, AND 11.07 §3 (a) OF THE TEXAS
CODE OF CRIMINAL PROCEDURE, AND ASKS THIS HONORABLE COURT'S
PERMISSION FOR LEAVE TO FILE AN "ORIGINAL APPLICATION
FOR WRIT OF MANDAMUS IN FORMA PAUPERIS" UNDER TRIAL COURT
HABEAS CAUSE NO. 23,477-A. REALTOR'S "DECLARATION OF
INABILITY TO PAY COSTS" IS ATTACHED AS EXHIBIT 1.

IN SUPPORT THEREOF REALTOR WOULD SHOW THE FOLLOWING:

## I.

### HABEAS TRIAL COURT'S REFUSAL TO PERFORM IT'S MINISTERIAL DUTY

ON JUNE 11, 2015, REALTOR FILED AN APPLICATION FOR WRIT OF
HABEAS CORPUS IN TRIAL COURT NO. 23,477-A, ALONG WITH A MEM-
ORANDUM IN SUPPORT OF THE 11.07, INCLUDING EXHIBITS.

ON NOVEMBER 2, 2015, REALTOR FILED HIS FIRST SUPPLEMENT MEM-
ORANDUM IN SUPPORT OF APPLICATION FOR HIS WRIT OF HABEAS CORPUS
REAFFIRMING THE FIRST TWO GROUNDS AND ADDRESSING FIVE MORE
GROUNDS 3-7 ALLEGING FURTHER INEFFECTIVE ASSISTANCE OF COUNSEL.

1

On December 4, 2015, Realtor recieved State's original Answer and State's Findings of Facts and Conclusions of Law Dated November 25, 2015, Some 23 days after Realtor filed his amended Memorandum with the Clerk of said Court. [1]

Consequently, the State has refused to include Realtor's First Supplement Memorandum containing factual issues of Merits Bolstering Realtor's ineffective assistance of counsel claim in accordance with the rules of Appellate Procedure or to include them in the Fact finding necessary to adjudicate Realtor's Valid Habeas Claims. Realtor has exhausted his remedies and has no other Adequate Remedy At Law.

Because the acts sought to be compelled are Ministerial, not discretionary in nature, Realtor asks this Honorable Court's permission to grant his "Motion for Leave to File Original Application for Writ of Mandamus."

## II.

### UNDERLYING HABEAS ISSUES

It can be shown that the Court of Criminal Appeals Ordered this Designating Issues to be Resolved by the Trial Court on September 16, 2015, and the lower Court was Ordered to Resolve the controverted factual issues and to enter a findings after completing an evidentiary investigation. However, the Court has disregarded Realtor's First Supplement Memorandum in support of his 11.07 Application in accordance with Rule 73.1 (d) "Original and Any Additional Memorana", filed on November 2, 2015, to Katey Nelson, Deputy Clerk of said Court. and in doing so have not Resolved Valid Habeas Claims with the Court's Findings of Facts and States Original Answer, both Dated November 25, 2015, Some 23 days After Recieving Realtor's Supplement Memorandum. Consequently, the State has not Resolved the Valid Habeas Claims the Honorable Court of Criminal Appeals has Ordered it to.

Failure of the Court to order further the Habeas Proceeding with a final findings of Facts and Conclusions of Law and to grant Relief or forward to the Court of Appeals, will Prevent Realtor from having his Claims Adjudicated Based on an Accurate Record Compelled in a fair Manner and consistent with the Demands of Due Process.

[1] As Reflected in the clerk's time-stamped copy to Realtor and the clerk's Record.

2

THIS WILL ALLOW REALTOR TO SHOW CAUSE AND PREJUDICE IN SUBSEQUENT FEDERAL WRIT LITIGATION. THESE UNDERLYING HABEAS CLAIMS, WHEN SUBSTANTIATED, WILL ENTITLE REALTOR TO RELIEF.

## CONCLUSION AND PRAYER

AS STATED ABOVE, REALTOR HAS PUT THIS COURT ON NOTICE ENFORCING IT'S RULING ON MOTIONS FOR SUBMISSION, AND HAS GONE BEYOND THE REQUIREMENTS OF ARTICLE 11.07. TO DATE, REALTOR HAS RECIEVED NO RESPONSE REGARDING HIS SUPPLEMENT MEMORANDUM TO THE COURT.

WHEREFORE, PREMISES CONSIDERED. REALTOR, STEPHEN E. DAVIS, PRO SE, PRAYS THAT THIS HONORABLE COURT OF CRIMINAL APPEALS GRANT HIS MOTION FOR LEAVE TO FILE ORIGINAL APPLICATION FOR WRIT OF MANDAMUS. AND ISSUE PROCESS TO COMPEL THE HABEAS TRIAL COURT TO PERFORM IT'S MINISTERIAL DUTIES.

EXECUTED ON THIS 10TH DAY OF DECEMBER, 2015.

RESPECTFULLY SUBMITTED.

*Stephen E. Davis*

STEPHEN E. DAVIS #1976027
STRINGFELLOW UNIT, TDCJ-ID
1200 FM 655
ROSHARON, TEXAS 77853

## SWORN DECLARATION

I, STEPHEN E. DAVIS, BEING PRESENTLY INCARCERATED IN THE STRINGFELLOW UNIT OF THE T.D.C.J. IN BRAZORIA COUNTY, TEXAS, UNDER PENALTY OF PERJURY, DO HEREBY AFFIRM THAT THE FACTS PUT FORTH ABOVE ARE TRUE AND CORRECT.

EXECUTED ON THIS 10TH DAY OF DECEMBER, 2015.

RESPECTFULLY SUBMITTED,

*Stephen E. Davis*

3

# EXHIBIT 1

(THE FOLLOWING DECLARATION IS MADE PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE AND TITLE 6, CHAPTER 132 OF THE TEXAS CIVIL PRACTICES AND REMEDIES CODE)

NOW RESPECTFULLY COMES, STEPHEN E. DAVIS, TDCJ NO. 1976027, AND DECLARES THAT I AM UNABLE TO PAY THE COURT COSTS IN THIS CIVIL ACTION AND REQUESTS LEAVE OF THE COURT TO PROCEED IN FORMA PAUPERIS IN THIS ACCOMPANYING CIVIL ACTION AND WOULD SHOW THE COURT THE FOLLOWING:

1. I AM PRESENTLY INCARCERATED IN THE STRINGFELLOW UNIT OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE WHERE I AM NOT PERMITTED TO EARN OR HANDLE MONEY.

2. I HAVE NO SOURCE OF INCOME OR SPOUSAL INCOME.

3. I CURRENTLY HAVE $30.00 CREDITED TO ME IN THE INMATE TRUST FUND.

4. DURING MY INCARCERATION IN THE TDCJ-ID, I HAVE RECEIVED APPROXIMATELY $150.00 TOTAL AS GIFTS FROM FAMILY AND FRIENDS.

5. I NEITHER OWN OR HAVE ANY INTEREST IN ANY REALTY, STOCKS, BONDS, OR BANK ACCOUNTS AND I RECEIVE NO INTERESTS OR DIVIDEND INCOME FROM ANY SOURCE.

6. I HAVE 0 DEPENDANTS.

7. I HAVE TOTAL DEBTS OF APPROXIMATELY $10,000.

8. I OWE $500.00 AS RESTITUTION.

9. MY MONTHLY EXPENSES ARE $30.00 PER MONTH.


I, STEPHEN E. DAVIS, TDCJ NO. 1976027, BEING PRESENTLY INCARCERATED IN THE STRINGFELLOW UNIT IN BRAZORIA COUNTY, TEXAS, DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT.

EXECUTED ON THIS 10TH DAY OF DECEMBER, 2015.

_Stephen E. Davis_
DECLARANT

TDCJ NO. 1976027

CAUSE NO. WR-32,505-04
TRIAL COURT NO. 23,477-A

IN RE: STEPHEN E. DAVIS          S          IN THE COURT OF
            REALTOR
                                 S          CRIMINAL APPEALS
V.
KAYCEE L. JONES,
POLK COUNTY JUDGE, 411TH J.D.C.  S          AUSTIN, TEXAS
            RESPONDENT
                                 S
                                 S

Realtor's Original Application for Writ of Mandamus

TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW, STEPHEN E. DAVIS, REALTOR, PRO SE, IN THE ABOVE-STYLED AND NUMBERED CAUSE OF ACTION AND FILES THIS ORIGINAL APPLICATION FOR WRIT OF MANDAMUS, PURSUANT TO ARTICLE 11.07§3(d) AND 4.04§1, OF THE TEXAS CODE OF CRIMINAL PROCEDURE AND WOULD SHOW THE FOLLOWING:

## I. REALTOR

STEPHEN E. DAVIS, T.D.C.J. # 1976027, IS AN INMATE INCARCERATED IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE'S STRING-FELLOW UNIT, AND IS APPEARING PRO SE, WHO CAN BE LOCATED AT 1200 FM 655, ROSHARON, TEXAS 77853. ON JUNE 11, 2015, REALTOR FILED HIS ORIGINAL APPLICATION FOR WRIT OF HABEAS CORPUS IN THE 411TH JUDICIAL DISTRICT COURT OF POLK COUNTY. THE APPLICATION WAS ASSIGNED HABEAS/TRIAL COURT CAUSE NO. 23,477-A.

## II. RESPONDENT

RESPONDENT, THE HONORABLE KAYCEE L. JONES, IN HER CAPACITY AS JUDGE OF THE 411TH JUDICIAL DISTRICT COURT, POLK COUNTY, TEXAS, HAS A MINISTERIAL DUTY TO MAKE A "FINDINGS OF FACT" ON REALTOR'S ORIGINAL AND ANY ADDITIONAL MEMORANDA AS SET FORTH BY T.C.C.P. ARTICLE 11.07§3(d), ENFORCE ANY ORDERS ISSUED AS SET FORTH BY T.C.C.P. ARTICLE 11.54, AND RULE UPON PROPERLY FILED MOTIONS TAKEN UNDER ADVISEMENT. THE HONORABLE KAYCEE L. JONES, IN THE 411TH JUDICIAL DISTRICT COURT,

1

Polk County, Texas, may be served at her place of business 101 W. Mill Street, Suite 279, Livingston, Texas, 77351.

## III. T.C.C.P. Statutory Requirement

The portions applicable to this application, state:

If the convicting court decides that there are controverted, previously unresolved facts which are material to the legality of the applicant's confinement, it shall enter an order within 20 days of the expiration of the time allowed for the State to reply, designating the issues of fact to be resolved. To resolve those issues, the court may order affidavits, depositions, interrogatories, additional forensic testing, and hearings, as well as personal recollection.... After the convicting court makes findings of facts, or approves the the findings of the person designated to make them, the clerk of the convicting court shall immediately transmit to the court of criminal appeals, under one cover [ the writ record ].

### T.C.C.P. Article 11.07 §3 (d) (emphasis added)

The court of criminal appeals and each judge thereof shall have, and is hereby given, the power and authority to grant and issue and cause the issue of writs of habeas corpus, and, in criminal law matters, the writs of mandamus ......

### T.C.C.P. Article 4.04 §1

Respondent Jones is in violation of Article 11.07 §3 (d) of the Texas Code of Criminal Procedure by failing to enforce the court's order to resolve the controverted factual issues along with the trial court's supplemental findings of fact and conclusions of law by not addressing Realtor's supplemental memorandum of law before conclusion of State's findings of facts. Consequently, the State has repeatedly side-stepped Realtor's claim that he was denied his Sixth Amendment right to effective assistance of counsel and his mental disability.

2

Realtor has exhausted his remedies and has no other remedy of law. The acts sought to be compelled are ministerial, not discretionary in nature. See: Lanford V. Fourteenth Court of Appeals, 847 S.W.2d 581, 586 (Tex. Crim. App. 1993). As this Court noted in McBee V. Hampton, 824 S.W.2d 578, the Legislature has been "very restrictive in it's directions to the trial courts of this state" in order to ensure an expeditious adjudication of habeas claims.

## Respondent Jones's Refusal To Consider Realtor's Supplement Memorandum

Respondent Jones has refused to perform her ministerial duty to consider and include Realtor's Supplement Memorandum to his Habeas Corpus application, which he filed on November 2, 2015, via the prison mailroom, who has recorded the filing in the legal out-going mail log under the mail-box rule exception. Realtor contends that his filing was on time and in accordance with 11.07 Rules of Appellate Procedure 73.1(d). Consequently, Respondent has refused to include Realtor's Supplement Memorandum containing factual issues of merit and bolstering Realtor's claim ineffective assistance of counsel and mental disability. Here, Respondent Jones's refusal to perform her ministerial duties in a reasonable time-period is clearly an attempt to delay the resolution of Realtor's valid Habeas claims that, when substantiated, will entitle Realtor to relief. Realtor requests that this Honorable Court issue an order compelling the Habeas Trial Court to rule on his properly filed Supplement Memorandum, which this Clerk's record will reflect was time-stamped November 4th, 2015, and the State had a copy of.

3

## CONCLUSION AND PRAYER

As stated above, it is necessary that the court enforce it's order for the trial court to complete it's habeas process to include Realtor's first supplemental memorandum claims so they can be properly adjudicated on their merits. Respondent Jones' failure to adhere to the applicable statutes and order of this court and perform her ministerial duties, undermines the whole judicial process. Failure of this court to grant Realtor's writ of mandamus will allow him to show cause and prejudice in subsequent federal writ litigation.

Wherefore, premises considered, Realtor prays that this Honorable Court of Criminal Appeals instruct Respondent Jones to comply with her ministerial duties and include Realtor's supplemental memorandum in her findings of facts and conclusions of law.

## CERTIFICATE OF SERVICE AND MAILING

I, Stephen E. Davis, being presently incarcerated in the T.D.C.J. - Stringfellow Unit, Brazoria County, Texas, and under penalty of perjury, do hereby affirm that I have delivered a copy of this foregoing "Realtor's Motion for Leave to File Original Application for Writ of Mandamus" to the prison mail-room officials first-class postage pre-paid, for mailing to:

Abel Acosta, Clerk
Court of Criminal Appeals
P.O. Box 12308
Capitol Station
Austin, Texas 78711-2308

Honorable Kaycee L. Jones
Polk County District Clerk's Office
101 W. Mill St., Suite 216
Livingston, Texas 77351

Executed on this 10th day of December, 2015.

Respectfully Submitted,

*Stephen E. Davis*

Stephen E. Davis - Realtor
Stringfellow Unit - TDCJ
1200 FM 655
Rosharon, Texas 77853